UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | CIVIL ACTION NO.: |
| PAUL GOBERT, JR. | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | JUDGE: |
| ATLANTIC SOUNDING CO., INC. and | * | |
| WEEKS MARINE, INC. | * | MAGISTRATE: |
| | * | |
| ************************************** | * | IN ADMIRALTY/RULE 9(h) |

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes the plaintiff, PAUL GOBERT, JR., a person of the full age of majority and a resident of the State of Louisiana, and for his Complaint, he respectfully avers as follows:

1.

**JURISDICTION**

This Honorable Court has jurisdiction over this matter in admiralty, pursuant to 28 U.S.C. 1333, and these claims are designated as claims in admiralty pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. In the alternative, the Court has federal question jurisdiction pursuant to 28 U.S.C. 1331.

2.

Made defendants herein are:

1. ATLANTIC SOUNDING CO., INC., on information and belief, is a citizen of the State of New Jersey and a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the employer of the plaintiff and/or the owner and/or operator of the dredge, G D MORGAN;

2. WEEKS MARINE, INC., on information and belief, is a citizen of the State of New Jersey and a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the employer of the plaintiff and/or the owner and/or operator of the dredge, G D MORGAN.

3.

PAUL GOBERT, JR. was at all times mentioned herein an employee of the defendants, and members of the crews of the dredges, G D MORGAN, and CAPT FRANK, vessels owned and/or operated by the defendants, performing his duties as a seaman aboard said vessels, and the defendants are liable unto him under the admiralty law known as the Merchant Marine Act, modified and commonly known as the Jones Act, 46 U.S.C. Appx. § 688 (now 46 U.S.C. § 30104), and/or alternatively pursuant to 33 U.S.C. § 905(b), and pursuant to the General Maritime Law of the United States of America, and under the law and statutes of the State of Louisiana, and he brings this suit pursuant to the "savings to suitors" clause of the United States Constitution and hereby designates this claim as one in admiralty and maritime, for the following reasons:

**FIRST CAUSE OF ACTION**

4.

On or about April 23, 2014, Plaintiff, PAUL GOBERT, JR., was employed by the defendants as a seaman aboard the dredge, G D MORGAN, a vessel owned and/or operated by the defendants, which vessel was in the navigable waters of the United States and within the jurisdiction of this Court. On that date, plaintiff was performing his assigned duties as a seaman aboard the vessel. In the course of performing those duties, suddenly and without warning and due to the negligence of the defendants and/or the unseaworthiness of the vessel, plaintiff was

walking from the lever room down steps and slipped in a substance causing him to fall and sustain injuries.

5.

Plaintiff was in no manner negligent. On information and belief, plaintiff alleges that the sole and proximate cause of the accident and his injuries, as described herein, was the unseaworthiness of the vessel and/or negligence and/or failure of the defendants, and their employees, servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1. Failure to provide plaintiff with a safe place in which to work;
2. Failure to warn the plaintiff;
3. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;
4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel;
5. Hiring untrained and unskilled employees;
6. Retaining employees found to be careless and/or unskilled;
7. Failure to provide competent and adequate supervisory authority;
8. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;
9. Creation and maintenance of an unseaworthy vessel, and failure to properly maintain and repair the vessel and its equipment;
10. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;
11. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional damages, including but not limited to any negligent hiring and/or retention of physicians and/or disregarding advice of physicians;

12. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

6.

Solely by reason of the negligence of the defendants and unseaworthiness of the vessel, and other acts and inactions described herein, plaintiff sustained serious injuries including but not limited to his neck and back, as well as other injuries to his bones, muscles and joints, organs and tissues among other component parts of his back, neck, back, ribs, legs, knees, feet, and hands. As a result thereof, plaintiff in the past and in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

7.

As a result of the aforesaid negligence, breach of duties, and unseaworthiness on the part of the defendant herein, plaintiff has suffered injuries and damages for which defendants are liable unto him, plus legal interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings.

**SECOND CAUSE OF ACTION**

8.

On or about May 18, 2014, Plaintiff, PAUL GOBERT, JR., was employed by the defendants as a seaman aboard the dredge, G D MORGAN, a vessel owned and/or operated by the defendants, which vessel was in the navigable waters of the United States and within the jurisdiction of this Court. On that date, plaintiff was performing his assigned duties as a seaman aboard the vessel. In the course of performing those duties, suddenly and without warning and due to the negligence of the defendants and/or the unseaworthiness of the vessel, plaintiff was

thrown from an air boat launched from the dredge, G D MORGAN, after the air boat struck a marsh buggy on the bank causing him to sustain injuries.

9.

Plaintiff was in no manner negligent. On information and belief, plaintiff alleges that the sole and proximate cause of the accident and his injuries, as described herein, was the unseaworthiness of the vessel and/or negligence and/or failure of the defendants, and their employees, servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1. Failure to provide plaintiff with a safe place in which to work;
2. Failure to warn the plaintiff;
3. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;
4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel;
5. Hiring untrained and unskilled employees;
6. Retaining employees found to be careless and/or unskilled;
7. Failure to provide competent and adequate supervisory authority;
8. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;
9. Creation and maintenance of an unseaworthy vessel, and failure to properly maintain and repair the vessel and its equipment;
10. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;
11. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional damages, including but not limited to any negligent hiring and/or retention of physicians and/or disregarding advice of physicians;

12. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

10.

Solely by reason of the negligence of the defendants and unseaworthiness of the vessel, and other acts and inactions described herein, plaintiff sustained serious injuries including but not limited to his neck and back, as well as other injuries to his bones, muscles and joints, organs and tissues among other component parts of his back, neck, back, ribs, legs, knees, feet, and hands. As a result thereof, plaintiff in the past and in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

11.

As a result of the aforesaid negligence, breach of duties, and unseaworthiness on the part of the defendant herein, plaintiff has suffered injuries and damages for which defendants are liable unto him, plus legal interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings.

**THIRD CAUSE OF ACTION**

12.

On or about June 12, 2014, Plaintiff, PAUL GOBERT, JR., was employed by the defendants as a seaman aboard the dredge, CAPT FRANK, a vessel owned and/or operated by the defendants, which vessel was in the navigable waters of the United States and within the jurisdiction of this Court. On that date, plaintiff was performing his assigned duties as a seaman aboard the vessel. In the course of performing those duties, suddenly and without warning and

due to the negligence of the defendants and/or the unseaworthiness of the vessel, the vessel's water supply became contaminated and plaintiff was caused to develop an infection in his foot.

13.

Plaintiff was in no manner negligent. On information and belief, plaintiff alleges that the sole and proximate cause of the accident and his injuries, as described herein, was the unseaworthiness of the vessel and/or negligence and/or failure of the defendants, and their employees, servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1. Failure to provide plaintiff with a safe place in which to work;

2. Failure to warn the plaintiff;

3. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;

4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel;

5. Hiring untrained and unskilled employees;

6. Retaining employees found to be careless and/or unskilled;

7. Failure to provide competent and adequate supervisory authority;

8. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;

9. Creation and maintenance of an unseaworthy vessel, and failure to properly maintain and repair the vessel and its equipment;

10. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

11. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional damages, including but not limited to any negligent hiring and/or retention of physicians and/or disregarding advice of physicians;

12. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

14.

Solely by reason of the negligence of the defendants and unseaworthiness of the vessel, and other acts and inactions described herein, plaintiff sustained serious injuries including but not limited to his neck and back, as well as other injuries to his bones, muscles and joints, organs and tissues among other component parts of his back, neck, back, ribs, legs, knees, feet, and hands. As a result thereof, plaintiff in the past and in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

15.

As a result of the aforesaid negligence, breach of duties, and unseaworthiness on the part of the defendant herein, plaintiff has suffered injuries and damages for which defendants are liable unto him, plus legal interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings.

16.

Pleading further, in the alternative, if it be shown that Plaintiff, PAUL GOBERT, JR., was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrences made the basis of this lawsuit.

**FOURTH CAUSE OF ACTION**

**MAINTENANCE AND CURE**

17.

Plaintiff repeats and realleges all of the foregoing paragraphs with the same force and effect as if herein set forth in full, and in addition thereto alleges that as a result of the aforementioned injuries which plaintiff received aboard the vessel, he was rendered unfit for duty as a seaman from the date of the first accident, on or about April 23, 2014.

18.

Plaintiff, PAUL GOBERT, JR., would show that on the above mentioned dates, he was injured while in the service of the vessels named herein. As a result, defendants have and continue to have a non-delegable duty to provide the Plaintiff, PAUL GOBERT, JR., with maintenance and cure benefits. Plaintiff, PAUL GOBERT, JR., would show that he has not reached maximum medical improvement and that defendants' duty continues. The maintenance rate owed to plaintiff, PAUL GOBERT, JR., by defendants is upon information and belief approximately $50.00 (FIFTY AND 00/100 DOLLARS) per day.

19.

Should defendants unreasonably, willfully, wantonly arbitrarily and/or capriciously deny payment and/or unreasonably, willfully, wantonly, arbitrarily and/or capriciously delay payment for maintenance and/or cure or pay an insufficient amount, then defendants are legally liable to plaintiff, PAUL GOBERT, JR., for compensatory damages, attorney's fees, costs and exemplary/punitive damages.

WHEREFORE, premises considered, Plaintiff, PAUL GOBERT, JR., prays that this Complaint be deemed good and sufficient, and after due proceedings had and the expiration of all legal delays herein:

1. There be judgment in favor of the plaintiff, PAUL GOBERT, JR., and against defendants, ATLANTIC SOUNDING CO., INC. and WEEKS MARINE, INC., in an amount to be determined by the trier of fact, pre-judgment interest from the date of occurrence and other legal interest as allowed by law until paid, and for all costs of Court;

2. There be a judgment rendered herein in favor of the plaintiff and against the defendants for maintenance and cure benefits, past, present, and future at a daily rate of FIFTY ($50.00) DOLLARS, or such amount as plaintiff proves to be legally entitled to, plus interest from the date of occurrence and other legal interest as allowed by law until paid, all costs of Court, and reasonable attorney's fees therefore, all in a true sum to be determined at the trial of this case;

3. There be judgment herein in favor of the plaintiff and against the defendants for compensatory damages, attorney's fees, costs and exemplary/punitive damages for any willful, wanton, arbitrary, and/or capricious, failure and/or refusal to pay and/or delay in paying plaintiff's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;

4. For any and all other relief which the law and justice provide.

**RESPECTFULLY SUBMITTED:**

_______s/ Julie Sumrall______________
Lawrence Blake Jones (#7495)
David C. Whitmore (#17864)
Julie Sumrall (#21387)
SCHEUERMANN & JONES, LLC
701 Poydras, Suite 4100
New Orleans, LA 70139
Telephone: (504) 525-4361
Facsimile: (504) 525-4380
jms@nola-law.com
Attorneys for Plaintiff,
Paul Gobert, Jr.