MINUTE ENTRY
AFRICK, J.
January 5, 2017
JS-10 1:00

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**PAUL GOBERT, JR.**                                                                               **CIVIL ACTION**

**VERSUS**                                                                            **No. 15-650**

**ATLANTIC SOUNDING CO., INC.**                                            **SECTION I**

## **ORDER**

The final pretrial conference was held on this date with counsel participating on behalf of all parties. The Court and parties discussed the intervention, and the Court excused the intervenors from attending the trial. The Court and parties further agree that the issues presented by the intervention will be tried to the Court, and that the hearing will begin when the jury begins deliberating.

In addition, the Court expressed its dissatisfaction with the proposed pretrial order, which is overly vague as to issues to be presented, has mistaken dates, is not specific as to the identity of the witnesses and includes far too many proposed witnesses. As ordered below, the parties must revise the pretrial order in accordance with the discussions at the pretrial conference.

Plaintiff will be permitted **3 peremptory challenges** and defendant will be permitted **3 peremptory challenges**. The Court will explain the manner in which

challenges for cause and peremptory challenges may be exercised at a later date. No party will receive a list of the potential jurors until the morning of trial.

With respect to opening and closing statements, each side will be permitted **twenty minutes for opening statements**. The time for closing statements will be addressed during the trial.

With respect to the examination of witnesses, there may be certain fact witnesses that both sides will attempt to call. To the extent that is the case, the Court will permit defense counsel to conduct direct examination of any such witnesses immediately following the plaintiff's direct examination of that witness, if defense counsel wishes to do so.

The Court noted that a few of the contested legal issues order require briefing. As ordered below, if counsel cannot reach an agreement then they must brief those issues for the Court.

As to exhibits, joint exhibits and un-objected-to exhibits filed by either party can simply be admitted into evidence upon motion at the start of trial. The parties may not show any exhibit to the jury until that exhibit has been admitted into evidence. When the jury begins deliberations, they must be provided with a binder containing all admitted exhibits that are organized according to a table of contents.

Accordingly,

**IT IS ORDERED** that the pretrial order is **NOT APPROVED**. The parties shall submit a revised joint pretrial order, consistent with the discussion at the pretrial conference, no later than **NOON** on **January 9**, **2017**.

**IT IS FURTHER ORDERED** that a **JURY** trial will commence on **Monday, February 13, 2017, at 8:30 AM**. The trial will last no more than **4** days. Counsel are to report for trial 30 minutes prior to the commencement of trial.

**IT IS FURTHER ORDERED** that, should plaintiff intend on asserting a cause of action against the remaining defendant related to the airboat accident, the plaintiff shall file a brief addressing the legal theory under which he is seeking the damages no later than **January 9, 2017** at **NOON**. Should plaintiff do so, the defendant shall file a brief in response no later than **January 12, 2017** at **NOON.**

**IT IS FURTHER ORDERED** that the parties shall file cross-briefs on the permissibility of medical witnesses testifying as to the costs of various medical procedures that would not be performed by the testifying witness no later than **January 11**, **2017** at **5 P.M.**

**IT IS FURTHER ORDERED** that that plaintiffs must designate the specific lines of the depositions that they will introduce at trial no later than **5 P.M.** on **January 10, 2017.** Defendants must offer their designations no later than **5 P.M**. on **January 12, 2017.** Both parties must offer their counter-designations no later than **5 P.M. on January 13, 2017.**

No later than **January 12, 2017**, counsel shall submit joint proposed jury instructions and joint proposed jury interrogatories. The Court will use standard Fifth Circuit pattern instructions for the Jones Act and unseaworthiness claims. The parties need not submit general instructions regarding the conduct of the trial. With respect to any jury instructions or interrogatories about which the parties disagree,

3

counsel shall submit proposed jury instructions no later than **January 19, 2017**. Such instructions shall include a memorandum briefing the reason for the dispute and explaining the necessity of the proposed instruction.

No later than **5 P.M.** on **January 13, 2017**, counsel shall exchange any Rule 902(11) certifications. Any challenge to these certifications should be made no later than **January 18, 2016 at 5 P.M**. If a challenge is filed, the other party shall respond by **January 20, 2016 at 5 P.M**.

No later than **January 13, 2017**, counsel shall meet to exchange exhibits and to edit any depositions to be introduced at trial. Counsel shall provide opposing counsel with any demonstrative exhibits to be used at trial. Counsel are directed to edit any depositions to be used at trial, whether written or video, and to delete colloquy, repetition, objections not to be urged at trial, and irrelevant or unnecessary matters.

No later than **January 20, 2017** at **5 P.M.**, counsel shall submit their bench books to chambers. To prevent the submission of duplicate exhibits, counsel shall submit a joint bench book containing any exhibits to be used by all parties at trial and, if necessary, separate bench books containing any exhibits to be used by only one party. The bench books must include one copy of each exhibit and an exhibit list as a table of contents. Counsel shall submit three (3) copies of the bench books, each of which shall be indexed, tabbed, and bound.

No later than **January 17, 2017, at 5 P.M.**, counsel shall file final **WILL CALL** witness lists and written objections to any deposition testimony, including

counter-designated deposition testimony, and to any exhibits, including demonstrative exhibits. Counsel shall cite relevant authority in each written objection. No objection to any exhibit or any deposition testimony shall be allowed at trial unless the objection was briefed in writing in accordance with this order. No exhibit shall be introduced at trial unless the exhibit was premarked and exchanged prior to trial in accordance with the Court's orders. Written memoranda in opposition to objections to exhibits, including demonstrative exhibits, certifications, or to objections to deposition testimony shall be filed no later than **January 20, 2017, at 5 P.M.**

No later than **January 17, 2017, at 5 P.M.** counsel shall file any timely motions in limine that have not yet been addressed by the Court. Responses to any motions filed are due **January 20, 2017, at 5 P.M.** The Court notes that the deadline for filing motions in limine regarding expert testimony has already passed.

Except for rebuttal witnesses, the final will call witness list **MUST** list the name of each witness the party intends to call at trial. At this point, the parties **MUST** determine finally which witnesses they will actually call, and this determination shall be made **PRIOR** to the submission of the final will call witness list. A copy of the witness list in the pretrial order **WILL NOT** suffice for the purposes of the final will call witness list.

Each party is responsible for securing the appearance of that party's witnesses unless opposing counsel, in writing, has agreed to produce a witness for the opposing

5

party. No party is entitled to rely upon the opposing party's listing of a witness as a will call witness for the purposes of securing the appearance of that witness.

No later than **January 23, 2017**, at **5 P.M.** counsel shall file written stipulations.

No later than **January 23, 2017**, at **5 P.M.** counsel shall file proposed voir dire questions.

New Orleans, Louisiana, January 5, 2017.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**