UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL GOBERT, JR.                                    CIVIL ACTION

VERSUS                                                  No. 15-650

ATLANTIC SOUNDING ET AL.                         SECTION I

ORDER AND REASONS

Before the Court is plaintiff Paul Gobert, Jr.'s motion[1] in limine.   Since plaintiff filed his motion, however, the parties have been able to reach a compromise on most of the issues raised by the motion.  Accordingly, for the following reasons, the motion is granted in part, denied in part, and deferred in part.

I.

Plaintiff moves to exclude any reference to a prior lawsuit he filed alleging that he was injured in a car accident.  Plaintiff suggests that reference to the lawsuit is either irrelevant or unduly prejudicial.  Defendant concedes that it will not reference the amounts that plaintiff sought or settled for, but argues that the fact that plaintiff filed the lawsuit is relevant because the prior incident concerned injuries similar to the ones that plaintiff is seeking compensation for here.

Given that "the standard of relevance in an evidentiary context is not a steep or a difficult one to satisfy," *Pub. Emps. Retirement Sys. of Miss. v. Amedisys, Inc.*, 769 F.3d 313, 321 (5th Cir. 2014), this Court does not believe the filing of the prior lawsuit is irrelevant.  Plaintiff's prior lawsuit sought compensation for neck and back injuries similar to the ones he is seeking compensation for here, and the fact that

---

[1] R. Doc. No. 85.

plaintiff filed a legal claim does suggest that his injury was serious enough to be worth litigating.

Because the filing of the prior lawsuit does not fall short of the low threshold for relevance set out by Rule 401, the key question becomes whether it should be excluded pursuant to Rule 403.  With respect to evidence and discussion relating to the *mere filing* of the prior action, the Court is not persuaded—at this juncture—that the probative value of any such evidence or discussion would be substantially outweighed by the risk of unfair prejudice.  After all, Rule 403 is meant to be applied "sparingly," *Baker v. Can. Nat./Ill. Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008), and a proper limiting instruction indicating that there is nothing wrong or blameworthy about filing a lawsuit should sufficiently limit any unfair prejudice.

However, the Court will be in a better position at trial to judge whether the probative value of any *further* discussion of the prior lawsuit will be substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, or wasting time.  Therefore, no mention of anything related to the prior lawsuit *other* than the fact of its filing and the fact that plaintiff was seeking compensation for similar injuries shall be made before the jury unless the Court permits the same following a bench conference.

## II.

Plaintiff also moves to exclude reference to a prior arrest for resisting arrest. However, at the pre-trial conference, the parties were able to agree on a compromise that obviates the need for the Court to resolve the issue.  The defense may inquire into whether the plaintiff was involved in a physical altercation on the day in question

and whether plaintiff claimed any injuries and/or sought medical treatment relating to the altercation. The defense, however, will neither mention that the altercation was with a police officer nor the subsequent arrest. No mention that the altercation was with a police officer or of the arrest shall be made before the jury unless the Court permits the same following a bench conference. Both parties are to instruct their witnesses that they are not to mention that the altercation was with a police officer or the arrest unless the Court instructs them that they may do so.

### III.

Plaintiff also moves to exclude reference to his alleged cocaine use and his pending criminal charges related thereto. However, at the pre-trial conference, the parties were able to agree on a compromise that largely obviates the need for the Court to resolve the issue. The doctors will be permitted to testify that they discharged plaintiff from their care because of his positive tests for cocaine and the doctors may explain why they did so. The defense will also be able to submit medical records indicating the same. The defense meanwhile has indicated that it does not intend to question the plaintiff regarding his use of cocaine or his pending criminal charges.

Accordingly, with the exception of the doctors, no mention of the cocaine use shall be made before the jury unless the Court permits the same following a bench conference. Parties are to instruct their witnesses that they are not to mention the pending criminal changes. Likewise, parties are to instruct the witnesses (other than, of course, the doctors) that they are not to mention the cocaine use.

That leaves only the question of the possible cocaine conviction. As this question is necessarily speculative, the Court declines to issue an advisory opinion on the issue. Therefore, the Court will not presently weigh whether the relevance of the cocaine usage to plaintiff's requested[2] one year of future lost wages as well as plaintiff's other damages theories is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, or wasting time. The parties shall inform the Court within 24 hours should the plaintiff be convicted of any criminal offenses prior to trial.

Accordingly,

**IT IS ORDERED** that plaintiff's motion in limine is granted in part, denied in part, and deferred in part as set forth above.

New Orleans, Louisiana, January 6, 2017.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff's counsel indicated that he would only be seeking one year of future lost wages at the pre-trial conference.

4