UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL GOBERT, JR.<br><br>versus<br><br>ATLANTIC SOUNDING CO., INC. and WEEKS MARINE, INC. | CIVIL ACTION<br><br>NO. 2:15-cv-00650-LMA-JCW<br><br>SECTION "I" (2)<br><br>JUDGE AFRICK<br><br>MAGISTRATE JUDGE WILKINSON |

**DEFENDANT WEEKS MARINE, INC.'S PRE-TRIAL MEMORANDUM REGARDING MEDICAL WITNESSES TESTIFYING AS TO COSTS**

**MAY IT PLEASE THE COURT:**

Defendant Weeks Marine, Inc. (Weeks) provides its *Pre-Trial Memorandum Regarding Medical Witnesses Testifying as to Costs*, pursuant to this Court's *Minute Entry* dated January 5, 2017 (*Court Record, Doc. No. 90*).

**FACTUAL BACKGROUND**

Plaintiff identified Dr. Kenneth Berliner as his treating physician in *Plaintiff's Witness & Exhibit List* filed on October 13, 2015 (*Court Record, Doc. No. 51*). Plaintiff's *Witness & Exhibit List* does not provide any description of the subject matter of Dr. Berliner's testimony. Plaintiff's expert report deadline was October 7, 2016 (*Court Record, Doc. No. 72*), and no expert reports were produced. Within Dr. Berliner's office visit note of May 4, 2016, Dr. Berliner estimates certain surgical costs for cervical disc replacement surgery, but no other cost estimates. *See page 3 of Dr. Berliner's May 4, 2016 office visit note, attached as Exhibit 1.*

During his trial testimony, taken on November 29, 2016, Dr. Berliner explained the source of figures for his estimate of surgical costs is a macro that he placed into his electronic record, and he tries to "keep it as up to date as I can." *See deposition of Dr. Kenneth Berliner at*

1

*pp. 54:15 – 56:4, attached as Exhibit 2.*  Dr. Berliner uses these estimates with all of his patients. *Ex. 2 at pp. 54:15 – 56:4.*  Dr. Berliner did not provide any information regarding the source, or how up-to-date, his estimate of surgical costs was at the time he inserted his macro into his May 4, 2016 office visit note for Plaintiff.

**LAW AND ARGUMENT**

**I.     LEGAL STANDARD REGARDING WHEN A TREATING PHYSICIAN IS AND IS NOT REQUIRED TO SUBMIT AN EXPERT REPORT**

When a party intends to introduce an expert witness, the party must comply with the disclosure requirements in Rule 26(a)(2) if the expert witness "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." *Meyers v. National R.R. Passenger Corp.*, 619 F.3d 729, 734 (7th Cir. 2010), *quoting* Fed. R. Civ. P. 26(a)(2)(B).  A treating physician typically falls under the lower standard of Rule 26(a)(2)(C), and therefore treating physicians are generally not required to submit an expert report under Rule 26.  *Williams v. State*, Civil Action No. 14-00154, 2015 WL 5438596 at *2 (M.D. La. Sept. 14, 2015).  The testimony of treating physician experts under the lower standard of Rule 26(a)(2)(C) is based on the physician's personal knowledge of the examination, diagnosis, and treatment of a patient, and not from information acquired from outside sources.  *Id.*

While the Fifth Circuit has not directly addressed this issue, other circuits have held someone may be a witness subject to the lower standard as to portions of his testimony, and simultaneously deemed a retained or specially employed expert who is subject to the higher standard as to other portions.  *Id.* at *3.  Therefore, if a treating physician offers expert opinions formed outside of the course of providing treatment, a written report pursuant to the higher standard must be submitted to the other parties.  *Id.*

2

## II.     DR. BERLINER WAS REQUIRED TO SUBMIT AN EXPERT REPORT AS TO FUTURE MEDICAL EXPENSES OF OUTSIDE ENTITIES

Based on the law applicable to this issue, Dr. Berliner was required to submit an expert report as to future medical expenses provided by outside entities. Dr. Berliner explained that the amounts inserted into his office visit note of May 4, 2016 for Plaintiff were a "macro", defined as a single instruction that expands automatically into a set of instructions to perform a particular task. In general, with regard to typed material, macros are used to save time by substituting a single or limited number of keystrokes for repetitive or voluminous typing. Having this ready-made paragraph of typing at the ready allows Dr. Berliner to use this estimate with all of his patients. Thus, the cost estimate provided by Dr. Berliner was prepared and used for multiple patients, and for Dr. Berliner's convenience, not as part of his treatment of Plaintiff.

Additionally, the surgical cost estimates are not reliable. Dr. Berliner provided no information as to: (1) when the surgical cost estimates were obtained; (2) from whom the surgical cost estimates were obtained; (3) if he ever updated his surgical costs estimates, and if so, when; and (4) any other information that would provide some indicia of reliability. Dr. Berliner simply stated that he called around to ask different outside entities what they charge.

Plaintiff is attempting to introduce evidence through Dr. Berliner that Dr. Berliner obtained from outside sources, not from Dr. Berliner's personal knowledge based on his examination, diagnosis, and treatment of Plaintiff (such as his opinions regarding causation). Further, there is no evidence presented as to the source and veracity of the surgical costs estimates. The facts of this case required Dr. Berliner to comply with the disclosure requirements in Rule 26(a)(2), and produce a written report. Dr. Berliner failed to produce a report, and any testimony as to the cost of medical procedures performed by any person or entity other than Dr. Berliner should be excluded.

## CONCLUSION

Based on the foregoing, Defendant Weeks Marine, Inc. respectfully requests that this Honorable Court enter an *Order* excluding any evidence regarding future medical expenses from outside entities.

Respectfully submitted on January 11, 2017.

WAITS, EMMETT, POPP & TEICH, L.L.C.

s/Matthew F. Popp
MATTHEW F. POPP  (24608)  T.A.
RANDOLPH J. WAITS  (13157)
JOHN F. EMMETT  (1861)
JORDAN N. TEICH  (32254)
MARK A. HILL  (33891)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana  70112
Telephone:      (504) 581-1301
Facsimile:       (504) 585-1796
E-mail:            mpopp@wep-law.com

## CERTIFICATE OF SERVICE

I hereby certify that to the best of my knowledge all counsel of record consent to and participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the Court for the Eastern District of Louisiana, using the CM/ECF system, will electronically send notification of the filing of this pleading to all counsel of record.

s/Matthew F. Popp

4