UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL GOBERT, JR.                                                     CIVIL ACTION

VERSUS                                                                      No. 15-650

ATLANTIC SOUNDING ET AL.                                       SECTION I

ORDER AND REASONS

Before the Court is defendant Weeks Marine's objection[1] that Dr. Berliner, plaintiff's treating physician, should not be permitted to testify as to the expected cost of a future surgery that Dr. Berliner is recommending. For the following reasons, Weeks Marine's objection is denied in part and deferred in part.

Plaintiff proposes to have Dr. Berliner testify as to the expected cost of a future surgery Dr. Berliner is proposing. Dr. Berliner's testimony as to the likely cost of the surgery is based on information he catalogs and keeps up to date so as to be able to advise patients of potential surgical costs. R. Doc. No. 97-1, at 8. The proposed testimony includes estimates for such costs as the surgeon (Dr. Berliner), the anesthesiologist, the hospital, medications, etc. Dr. Berliner's estimate is reflected in the plaintiff's medical records, R. Doc. No. 98-1, at 3, and Dr. Berliner "typically" provides such estimates to all of his patients, R. Doc. No. 98-2, at 3.

Weeks Marine's objection is based on what it claims is a violation of Federal Rule of Civil Procedure 26(a)(2)(B).[2] While Weeks Marine has no problem with

---

[1] R. Doc. No. 98.
[2] Weeks Marine appears to have not raised any objection that plaintiff failed to comply with Federal Rule of Civil Procedure 26(a)(2)(C)'s requirement that a plaintiff provide a disclosure stating "(i) the subject matter on which the witness is expected

permitting Dr. Berliner to testify as to his treatment of plaintiff, Weeks Marine argues that an expert report was required if plaintiff intended to have Dr. Berliner testify as to information he received from sources other than the plaintiff. Weeks Marine argues that Dr. Berliner's costs estimates are inadmissible because they do not come from Dr. Berliner's personal knowledge, but instead from other doctors and facilities. R. Doc. No. 98, at 2.

An expert need not invariably submit an expert report before the expert can testify as to information the expert received from any outside source. "A treating physician . . . can be deposed or called to testify at trial" as an expert "without any requirement for a written report," Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment, pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). Rule 26(a)(2)(C) contemplates that treating physicians can present evidence under Federal Rule of Evidence 703. *See* Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii) (indicating party should provide "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" as well as "a summary of the facts and opinions to which the witness is expected to testify"). In turn, Federal Rule of Evidence 703 licenses an expert to "*base an opinion on facts or data in the case that the expert has been made aware of* or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Fed. R. Evid. 703 (emphasis added). Therefore, Rule 26(a)(2)(C) establishes that witnesses are not

---

to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

2

limited to testifying solely on the basis of their personal knowledge (*i.e.*, testimony permissible under Federal Rule of Evidence 701).  *See, e.g.*, *Williams v. Louisiana*, No. 14-154, 2015 WL 5438596, at *2 (M.D. La. 2015); *LaShipp, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013) ("[T]he Court wants to be sure that going forward its prior opinion in this case is not construed to require, or to understand, that 26(a)(2)(C) witnesses only testify to their personal knowledge.").

Beyond recognizing that the testimony of a 26(a)(2)(C) witness is not limited strictly to the witness's personal knowledge, however, courts have struggled to draw the precise line as to what a testifying physician may testify to without providing an expert report.  *Cf. Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007) ("Courts drawing this line have considered a variety of factors."). Some cases, for example, have suggested that treating physicians cannot testify as to "future medical treatment" or its costs.  *See, e.g.*, *Martin v. Nabors*, No. 00-3284, 2002 WL 34359734, at *3 (E.D. La. 2002) (explaining that "when the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specially retained to develop specific opinion testimony, he becomes subject to the provisions of Fed. R. Civ. P. 26(a)(2)(B)," and concluding "[a]s to any expert opinion beyond the past and current treatment of the plaintiff (i.e., the cost and necessity of future medical care), [the witness's] testimony is limited to his reports and records which were timely exchanged.").

But those cases are drafted too broadly.  *See, e.g.*, *Crabbs v. Wal-Mart Stores, Inc.*, No. 09-519, 2011 WL 499141, at *2 (S.D. Iowa 2011) ("A per se rule excluding certain kinds of opinions in the absence of a report sweeps too broadly."). The Federal

Rules do not distinguish between Rule 26(a)(2)(B) and Rule 26(a)(2)(C) experts on the basis of whether that expert is testifying as to the future or the past. Instead, they distinguish between a Rule 26(a)(2)(B) and Rule 26(a)(2)(C) expert based on whether the witness was "one retained or specially employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Rather than focusing on the *content* of the opinion, Rule 26 suggests that a court should focus on what the expert was *doing* when the expert formulated the opinion at issue.

This Court therefore agrees with the view that Rule 26(a)(2)(C) permits an expert to testify as to opinions that "were formed during the course of treatment." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). Accordingly, testimony regarding the future implications of an injury or future medical treatment more generally can be permissible *provided that the opinion was formed by the treating physician during treatment*. *See, e.g.*, *Banister v. Burton*, 636 F.3d 828, 832-833 (7th Cir. 2011); *Anders v. Hercules Offshore Servs.*, 311 F.R.D. 161, 165 n.17 (E.D. La. 2015); *Williams v. Regus Mgmt. Group, LLC*, No. 10-8987, 2012 WL 1711378, at *3 (S.D.N.Y. 2012). To be clear, however, the Court stresses that a physician is not engaged in a course of treatment if, for example, the physician is forming opinions based on expert reports that were prepared for the purposes of litigation. *See, e.g.*, *Goodman*, 644 F.3d at 826 ("Goodman specifically retained a number of her treating physicians to render expert testimony beyond the scope of the treatment rendered; indeed, to form their opinions, these doctors reviewed information provided by Goodman's attorney that they hadn't reviewed during the course of treatment."). Such opinions would have to be disclosed in an expert report.

4

The record here establishes that Dr. Berliner formed his opinions during the course of treatment.  *See, e.g., Boudreaux v. J.P. Morgan Chase & Co.*, No 07-555, 2007 WL 4162908, at *3 (E.D. La. 2007) ("Even the information about the future surgeries . . . are most likely learned from this doctor's treatment of the plaintiff."). First, the record substantiates that Dr. Berliner "typically" provides such estimates to all of his patients as part of their treatment.  R. Doc. No. 98-2, at 3.  Second, the cost estimate regarding the recommended surgery is explicitly disclosed in plaintiff's medical records.  R. Doc. No. 98-1, at 3.  Indeed, advising patients as to the cost and benefits of various surgical procedures would seem to both be a core part of a surgeon's practice as well as a core reason individuals seek medical advice.  Therefore, Dr. Berliner's opinion regarding the likely cost of the surgery he was recommending was formed during treatment. *Compare Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 735 (7th Cir. 2010) ("[Plaintiff] presents no evidence, and we find none in the record, suggesting that either doctor previously considered or determined the cause of [Plaintiff]'s injuries during the course of treatment.").   Dr. Berliner's proposed testimony as to the likely cost of the surgery he is recommending does not violate Rule 26(a)(2)(B).

The Court defers the question of the reliability of the proposed testimony until trial.  The reliability of the proposed testimony will turn on a number of factors such as the methodology Dr. Berliner uses to arrive at his estimates, whether Dr. Berliner keeps his estimates up-to-date (though any such error may result in the estimate being too low rather than too high), and whether Dr. Berliner will actually perform

5

the surgery. Therefore, the Court will be better situated to resolve the parties' dispute at trial.

Accordingly,

**IT IS ORDERED** that Weeks Marine's objection is **DENIED IN PART** and **DEFERRED IN PART**. No mention shall be made of the costs of the proposed surgery before the jury unless the Court permits the same following a bench conference.

New Orleans, Louisiana, February 1, 2017.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**