UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL GOBERT, JR.                                                              CIVIL ACTION

VERSUS                                                                                    No. 15-650

ATLANTIC SOUNDING ET AL.                                                SECTION I

ORDER AND REASONS

Plaintiff Paul Gobert was a surveyor for Weeks Marine on the dredge G.D. Morgan. Gobert claims he slipped and fell while walking down poorly maintained stairs on the dredge, and that a slippery substance left on the deck after a cleaning—partially as a result of the pitted nature of the deck—contributed to his fall. The upcoming trial concerns Gobert's unseaworthiness and Jones Act negligence claims against Weeks Marine.

Before the Court is defendant Weeks Marine's motion[1] in limine. For the following reasons, the motion is granted in part, denied in part, and deferred in part.

I.

Weeks Marine moves to exclude a photograph depicting a puddle of soapy water on the G.D. Morgan. R. Doc. No. 104-2, at 1. The photograph was taken a few days after Gobert's fall, and depicts a puddle with foam bubbles after a cleaning. All parties agree that the photograph depicts a separate area of the dredge from where the accident occurred.

Defendant Weeks argues that the photograph is irrelevant and/or unfairly prejudicial because it does not depict the accident site or the conditions on the boat

---

[1] R. Doc. No. 104.

at the time of the accident. Weeks suggests that the photograph will confuse the issues and create the false impression that the accident site resembled the conditions depicted in the photograph. Therefore, Weeks argues that the photo should be excluded pursuant to Federal Rules of Evidence Rules 401, 402, and 403.

Plaintiff Gobert counters that the photo would be helpful to the jury in visualizing deck conditions on the G.D. Morgan after a cleaning. Gobert further suggests that an additional limiting instruction could cure any lingering prejudice by informing the jury that the photo is being used for illustrative purposes only.

### A.

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise provided by the United States Constitution, a federal statute, another Federal Rule of Evidence, or another rule prescribed by the U.S. Supreme Court. Fed. R. Evid. 402.

Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### B.

At the outset, the Court observes that the photograph is neither particularly helpful to the jury—they will already know what a sudsy puddle looks like—nor particularly unfair to the defendant—the jury will likely already believe the deck was

wet when Gobert fell because the supervisor's injury report indicates that the steps were wet and slippery. The Court also has no doubt that Weeks will be able to make sure the jury knows that the photograph was taken on a different part of the dredge.

Plaintiff's main justification for the puddle photo is that it is illustrative of what the conditions were like at the time of the accident. As in the case of a post-accident reconstruction, the admissibility of the photograph turns on whether the conditions depicted in the photograph were "substantially similar" to the conditions at the time of the accident. *See* 1 Muller & Kirkpatrick, Federal Evidence § 9:27. (Westlaw 2016). If the conditions in the photograph were substantially similar to the deck conditions at the time of the accident, then the photograph will be helpful to the jury insofar as it will help the jury visualize the likely deck conditions at the time of the accident. If, on the other hand, the deck conditions were not substantially similar at the time of the accident—whether because the photo depicts the deck in the midst of a cleaning or for any other number of reasons—then the proposed exhibit would simply be wasting both the jury's and the Court's time with a pointless and potentially prejudicial picture of a puddle.

Because the Court will be in a better position at trial to determine whether the conditions at the time of the accident were substantially similar to the conditions depicted in the photograph, the Court will defer ruling on the admissibility of the photograph. The photograph at issue shall not be referenced by witnesses or shown to the jury unless the Court permits the same following a bench conference.

## II.

Weeks Marine moves to exclude photographs and a videotape taken by plaintiff's counsel during his inspection of the vessel. The inspection occurred on a rainy day, and Weeks suggests that the photos are irrelevant and/or unduly prejudicial insofar as the photographs supposedly do not accurately depict the deck conditions on the G.D. Morgan at the time of the accident.

As the photographs depict the accident site, they are relevant. *See, e.g., Pub. Emps. Retirement Sys. of Miss. v. Amedisys, Inc.*, 769 F.3d 313, 321 (5th Cir. 2014) (explaining "the standard of relevance in an evidentiary context is not a steep or a difficult one to satisfy"). Thus, the key question is whether the photographs and video should be excluded under Rule 403.

The Court is not persuaded that the probative value of the photographs would be substantially outweighed by the risk of unfair prejudice. After all, Rule 403 is meant to be applied "sparingly," *Baker v. Can. Nat./Ill. Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008), and Weeks can mitigate any unfair prejudice through cross-examination by highlighting that it was raining on the day of inspection.[2] The Court is also willing to consider providing a suitable limiting instruction should Weeks propose an appropriate one.

Accordingly, even if it was dry on the day of the accident—a state of affairs seemingly belied by the supervisor's injury report indicating that the steps were wet and slippery on the day of the accident—the Court would still determine that the

---

[2] Though not necessary to the Court's determination, the Court also notes that Weeks has the ability to mitigate any unfair prejudice with its own photos of the stairs.

4

probative value of the photographs of the accident site on the G.D. Morgan is not outweighed by the risk of unfair prejudice. Weeks's motion to exclude the photos and video of the accident site is denied.

## III.

Weeks Marine objects to the introduction of certain portions of Dr. Rodney Burns's deposition. *See* R. Doc. No. 104-5. Dr. Burns is a board certified radiologist.

### A.

Tr. 19:4-19:23: Weeks objects that the testimony is not within the expertise of the witness. In response, Gobert offers to withdraw the testimony. Accordingly, Weeks's motion in limine is granted.

### B.

Tr. 20:4-25:10: The testimony at issue consists of Dr. Burns—who had previously taken plaintiff Gobert's MRI—reviewing an MRI report prepared by Dr. Jewell—another radiologist. Dr. Burns's testimony indicates that he did not review the actual MRI film Dr. Jewell used to prepare his report, but Dr. Burns noted his belief that Dr. Jewell was a competent radiologist. R. Doc. No. 104-5, at 4 (Tr. 21:19-22). Gobert's counsel then had Dr. Burns discuss Dr. Jewell's findings that the MRI taken by Dr. Jewell reflected spine abnormalities.

This Court's pre-trial scheduling order indicated that "No objection to any exhibit or any deposition testimony shall be allowed at trial unless the objection was briefed in writing in accordance with this order" and further emphasized that "Counsel shall cite relevant authority in each written objection." R. Doc. No. 90, at 5. Yet, all Weeks Marine indicates in their objection is: "duplicative testimony

regarding the January 10, 2015 cervical spine MRI, and lack of foundation as Dr. Burns did not read the films." R. Doc. No. 104-1, at 2.[3] That objection largely fails to inform the Court as to the basis of Weeks's objection.

For example, Weeks does not explain what testimony the deposition testimony is duplicative of.  As such, the Court is left without a basis for judging whether the testimony is, in fact, duplicative and, if so, whether the Court should exercise its discretion to permit the duplicative testimony.  Accordingly, the Court finds that the objection that the testimony is duplicative is waived for failure to comply with the pre-trial briefing requirement.

Likewise, in objecting to "lack of foundation as Dr. Burns did not read the films," R. Doc. No. 104-1, at 2, defendant cites no authority for the proposition that an expert has to personally perform each test the expert discusses in his or her testimony.  That lack of authority is unsurprising given that "[u]nlike an ordinary witness . . . an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993).

Instead, an expert's ability to offer opinions not based on firsthand knowledge or observation is governed by Federal Rules of Evidence 702 and 703.  But Weeks Marine raises no objection under Rules 702 or 703.  Likewise, Weeks Marine raises no other objection—such as, for example, a hearsay or a Rule 403 objection.

---

[3] Dr. Jewell took the January 2015 spine MRI; Dr. Burns took an earlier MRI after plaintiff was in a car accident (unrelated to Weeks Marine).  The comparison of the two MRIs is one of plaintiff's main proofs that plaintiff was injured by his fall on the G.D. Morgan and not by the earlier car crash.

6

Accordingly, the Court deems any arguments under Rules 403, 702, 703, or 802 waived, and it denies Weeks Marine's "foundation" objection insofar as there is no legal requirement that an expert's opinion be based on firsthand knowledge.

### C.

Tr. 25:12-25:25: Weeks next objects to an exchange between plaintiff's counsel and Dr. Burns discussing whether a fall can cause a disc herniation as outside of Dr. Burns's qualifications. Notwithstanding Dr. Burns's concession that causation generally is not a part of his medical training, R. Doc. No. 104-5, at 8 (Tr. 25:22-24), the Court denies defendant's objection on two independent grounds.

First, Weeks Marine's challenge to Dr. Burns's testimony—which is really just a challenge to Dr. Burns's qualifications—is a motion in limine regarding the admissibility of an expert's opinion. Under the scheduling order, any such motion had to have been submitted by December 28, 2016. *See* R. Doc. No. 72, at 1. However, Weeks Marine did not raise the instant challenge until January 17, 2017. *See* R. Doc. No. 104. As such, the challenge is untimely, and the Court deems the argument waived because it was not raised in compliance with the scheduling order. *See* Fed. R. Civ. P. 16(f).

Second, Dr. Burns is sufficiently qualified to offer the testimony at issue. "To qualify as an expert, 'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.'" *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992)). Rule 702 states that an expert may be qualified based on "knowledge, skill, experience,

training, or education." *Hicks*, 389 F.3d at 524; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (discussing witnesses whose expertise is based purely on experience). "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Id.*; *see Daubert*, 509 U.S. at 596.

Under Rule 702's "liberal standards for qualifications of experts," an expert need not have the perfect possible academic credentials to testify as an expert. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 754 (3d Cir. 1994). Dr. Burns is a board certified radiologist. The Court considers Dr. Burns's medical credentials to be more than sufficient, particularly given that the underlying opinion—that a fall can cause a back injury—seems so basic that nearly any medical professional would be qualified to offer it. Weeks's objection to Dr. Burns's qualifications go to the weight that Dr. Burns's opinion should be accorded and not its admissibility.

## V.

Weeks Marine objects to the introduction of certain portions of Dr. Berliner's deposition testimony. *See* R. Doc. No. 104-6. Dr. Berliner is Gobert's treating physician and surgeon.

Many of Weeks Marine's objections are simply to the form of plaintiff counsel's questions. Under Federal Rule of Evidence 611, this Court has a "large degree of discretion in overseeing the examination of witnesses." *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 757 (2d Cir. 2004). This Court chooses to exercise that discretion in the following manner.

### A.

Tr. 15:6-10: Granted.  To the extent that plaintiff argues this the question is simply duplicative of earlier testimony from Dr. Berliner, the plaintiff should use that testimony to make the point.

### B.

Tr. 15:11-15: Granted.  Leading.

### C.

Tr. 16.2-10: Granted.  Even the witness noted this question was "poorly worded." R. Doc. No. 104-6, at 3 (Tr. 16:9).

### D.

Tr. 16:11-20: Denied.  The Court concludes that the form of the question will assist the jury in understanding the medical testimony at issue.

### E.

Tr. 28:25-30:4: Granted in part as to Tr. 28:5-29:17.  The "question" in these lines is a wandering discussion of plaintiff's counsel reviewing various evidence under the guise of a hypothetical question.  Such a discussion is a waste of both the Court's and the jury's time.  Denied in part as to Tr. 29:18-30:4.  The question itself is acceptable once plaintiff's counsel actually asks it.

### F.

Tr. 47:7-48:1: Denied.  Though the question is somewhat leading and could have been better phrased, the Court concludes that the form of the question will help the jury understand the medical procedure at issue.

### G.

Tr. 54:12-58:2: Weeks Marine objects to nearly four pages of testimony with the form objection "lack of foundation." R. Doc. No. 104-1, at 3. Weeks Marine's objection is so non-specific that it forces the Court to guess as to what, in fact, Weeks Marine's objection is. Accordingly, the Court deems any such argument waived for failure to timely brief it in accordance with the scheduling order. *See* R. Doc. No. 90, at 5. However, to the extent that Weeks Marine is simply objecting to the fact that the expert is relying on information provided by third party sources, the objection is also denied because "an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert*, 509 U.S. at 592. The objection to lack of foundation is therefore denied.

The objection incorporating Weeks Marine's previous objections to Dr. Berliner's cost estimates[4] is denied in part and deferred in part as set out in the Court's prior opinion. *See* R. Doc. No. 117, at 5-6. The Court will determine the reliability of the proposed testimony at trial. No mention shall be made of the costs of the proposed surgery before the jury unless the Court permits the same following a bench conference.

### H.

Tr. 60:5-19: Denied. The Court concludes that the form of the question will assist the jury in understanding the medical testimony at issue.

---

[4] R. Doc. No. 98; R. Doc. No. 113.

### I.

Tr. 60:23-61:3:  Denied.  The Court concludes that the form of the question will assist the jury in understanding the medical testimony at issue.

### J.

Tr. 101:18-103:2: Granted in part as to counsel's comment "using the MRI, the gold standard." R. Doc. No. 104-6, at 16 (Tr. 101:19-20).  Denied in all other respects. The Court concludes that the form of the question will assist the jury in understanding the medical testimony at issue.

### K.

Tr. 103:8-15: Denied.  The Court concludes that the form of the question will assist the jury in understanding the medical testimony at issue.

### L.

Tr. 103:16-24: Denied.  The Court concludes that the form of the question will assist the jury in understanding the medical testimony at issue.

### VI.

Weeks Marine objects to the introduction of certain portions of Arnold Hemphill's deposition testimony.  *See* R. Doc. No. 104-7. Hemphill was Weeks Marine's safety officer on board the G.D. Morgan at the time of the accident.  As Hemphill is Weeks Marine's witness, the Court will allow plaintiff's counsel considerable latitude in posing questions.  *See* Fed. R. Evid. 611(c)(2).

### A.

Tr. 18:1-9:  Denied.

### B.

Tr. 18:11-15: Denied.

### C.

Tr. 19:5-8: Denied.

### D.

Tr. 19:18-21: Granted.  Plaintiff has agreed to withdraw the question.

### E.

Tr. 21:5-16: Denied.

### F.

Tr. 28:6-29:16: Denied.

### G.

Tr. 45:2-6: Granted.  This question impermissibly asks one witness to speculate as to another's state of mind.

### H.

Tr. 45:13-19: Granted.  This question impermissibly asks one witness to speculate as to another's state of mind.

### I.

Tr. 48:8-14: Granted.  This question impermissibly asks one witness to speculate as to another's state of mind.

### VII.

Weeks Marine objects to the introduction of certain portions of the deposition of Captain Arnold Tassin, *see* R. Doc. No. 104-8, a Weeks Marine employee and captain of the G.D. Morgan at the time of the accident.  As Captain Tassin is Weeks

Marine's witness, the Court will allow plaintiff's counsel considerable latitude in posing questions. *See* Fed. R. Evid. 611(c)(2).

### A.

Tr. 27:8-16: Granted in part. The portion as to what Mr. Gobert said regarding the deck, *see* Tr. 27:8-12, is duplicative and unnecessary to the question. Denied as to the remainder of the question beginning on Tr. 27:12 with "Now, you mentioned cleaning . . . ." Such a question represents proper cross examination.

### B.

Tr. 34:1-14: Granted. Plaintiff has agreed to withdraw the question.

### C.

Tr. 35:16-24: Granted as to 35:16-19. Part of the question is simply counsel improperly testifying. Denied as to 35:21-24.

### D.

Tr. 36:21-37:14: Denied. This Court has already concluded that the photographs at issue are admissible. *See supra* Part II.

## VIII.

Finally, Weeks Marine moves to exclude any testimony regarding the photographs and video that Weeks Marine asked to be excluded. *See supra* Parts I-II. Weeks Marine's motion is denied as to the photographs of the accident site as the Court has already denied the motion in limine regarding those photos and video. *See supra* Part II. Weeks Marine's motion is deferred as to testimony relating to the photograph of the puddle elsewhere on the G.D. Morgan. *See supra* Part I. The

photograph of the puddle shall not be referenced by witnesses or shown to the jury unless the Court permits the same following a bench conference.

## IIX.

Accordingly,

**IT IS ORDERED** that Weeks Marine's motion is granted in part, denied in part, and deferred in part as set forth herein.

New Orleans, Louisiana, February 6, 2017.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**